Glenn R. Kantor, SBN 122643
gkantor@kantorlaw.net
Peter S. Sessions, SBN 193301
psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California, 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
JENNIFER FOSTER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JENNIFER FOSTER, | Case No. |
|---|---|
| Plaintiff, | COMPLAINT FOR: |
| vs. | BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | |
| Defendant. | |

Plaintiff Jennifer Foster herein sets forth the allegations of her Complaint against Defendant Liberty Life Assurance Company of Boston.

**<u>PRELIMINARY ALLEGATIONS</u>**

1.   Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

1

COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT

2.     This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under an employee benefit plan.

3.     Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

4.     Plaintiff was at all times relevant an employee of Centene Management Company, LLC ("Centene") and a resident in Orange County, State of California.

5.     Plaintiff is informed and believes that Centene established and sponsored a long-term disability benefit plan ("LTD Plan" or "the Plan"), an employee welfare benefit plan regulated by ERISA, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to long-term disability ("LTD") benefits.

6.     Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan.

7.     The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

8.     Plaintiff is informed and believes that Defendant Liberty Life Assurance Company of Boston ("Liberty") is a corporation with its principal place of business in the Commonwealth of Massachusetts, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California.

9.     Liberty issued Long Term Disability Policy No. GF3-840-445197-01 ("the Policy") to insure the benefits under Centene's Long Term Disability Plan (the "LTD Plan") and also acted in the capacity of the LTD Plan's claim administrator.

10. Liberty can be found in this judicial district and the LTD Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CLAIM FOR RELIEF
## AGAINST LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
## FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF
## RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND
## ATTORNEYS' FEES AND COSTS
**(29 U.S.C. § 1132(a)(1)(B))**

11. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

12. At all times relevant, Plaintiff was employed by Centene, and was a covered participant under the terms and conditions of the LTD Plan. The LTD Plan was insured by Liberty, and Liberty was also the LTD Plan claim administrator and made all decisions to pay or deny benefit claims.

13. During the course of Plaintiff's employment, Plaintiff became entitled to LTD benefits under the terms and conditions of the LTD Plan. Specifically, on or about July 11, 2018, Plaintiff ceased work due to her disabling condition.

14. Thereafter, Plaintiff submitted a claim for LTD benefits to Defendant Liberty. Plaintiff is informed and believes that Liberty identified her claim as Claim No. 8523051.

15. In a letter dated January 9, 2019, Defendant determined that Plaintiff was not disabled according to the terms of the Policy.

16. Plaintiff appealed this decision in an August 5, 2019 letter.

17. After reviewing Plaintiff's appeal, Defendant reversed itself and determined that Plaintiff was disabled and entitled to benefits under the Policy.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1  Defendant communicated this decision in a letter dated September 20, 2019.

2      18.    Defendant continued paying Plaintiff benefits under the Policy until September 21, 2021, when it informed Plaintiff that it had concluded that she was no longer disabled and thus terminated her LTD benefits.

    19.    Plaintiff once again appealed this decision.

    20.    On August 23, 2023, Defendant denied Plaintiff's appeal and upheld its prior decision, contending that Plaintiff was not entitled to benefits because she did not satisfy the Policy's definition of disability.

    21.    Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a)    It failed to pay LTD benefit payments to Plaintiff at a time when it knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits;

    (b)    It failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claim for LTD benefits;

    (c)    It failed, after Plaintiff's claim was denied, to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

    (d)    It failed to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

    22.    Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied her benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

23. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all appeals as required under the LTD Plan and ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

24. As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

25. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

26. The wrongful conduct of Defendant has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff up to and including the date of judgment;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4.      Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

5.      Such other and further relief as this Court deems just and proper.

DATED: March 8, 2024          KANTOR & KANTOR, LLP

By:  */s/ Peter S. Sessions*
      Peter S. Sessions
      Attorneys for Plaintiff
      Jennifer Foster

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

6

COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT